**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

**CA# 4:26-CV-_____**

|  |  |  |
|---|---|---|
| Wild Water & Wheels, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **VERIFIED COMPLAINT** |
| | ) | |
| Complete Property Services, LLC, and | ) | |
| Justin Crider | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:    THE ABOVE-NAMED DEFENDANTS.**

Plaintiff Wild Water & Wheels, Inc. (hereinafter "Plaintiff"), complaining of the above-named Defendants Complete Property Services, LLC and Justin Crider, individually and as Managing Member (hereinafter "Defendants"), hereby alleges unto this Honorable Court as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is an entity incorporated in South Carolina, with its principal place of business in Surfside Beach, South Carolina, with an address of 910 Highway 17 South, Surfside Beach, South Carolina (hereinafter "the Property").

2. Defendant Complete Property Services, LLC is an entity that was incorporated in Pennsylvania and entered into a contract for demolition and grading upon the Property.

3. Upon information and belief, Defendant Justin Crider is a resident of Cumberland County, Pennsylvania.

4.    This Action involves Defendants' breach of the contract to perform demolition and grading work upon the Property, with damages in excess of $75,000.00, as required by 28 U.S.C. §1332(a).

5.    The Plaintiff does not share a state of citizenship with either Defendant, satisfying the requirement of complete diversity of citizenship as required by 28 U.S.C. §1332(a)(1).

6.    Based upon the forgoing, the United States District Court for the District Court of South Carolina, Florence Division has subject matter jurisdiction of the matters set forth herein.

7.    Pursuant to Federal Rules of Civil Procedure, Rule 4(k)(1)(A), this Court has personal jurisdiction over Defendants if they would be subject to the jurisdiction of a court of general jurisdiction in the South Carolina.

8.    Pursuant to the South Carolina "Long Arm Statute" at S.C. Code §§ 36-2-803(A)(1), this Honorable Court has personal jurisdiction over Defendants in this Action, as they are persons who act directly or by an agent as to a cause of action arising from their:

   (a)    transacting business in the State of South Carolina;

   (b)    contracting to supply services or things in the State of South Carolina; and

   (c)    commission of a tortious act in whole or in part in the State of South Carolina;

9.    This Honorable Court is the proper venue for this Action under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, and the Property is situated within this Honorable Court's District.

## STATEMENT OF FACTS

10.    Each and every allegation set forth in this Complaint is realleged and incorporated into these Statements of Fact as if they were repeated verbatim herein.

11.    For 30 years, Plaintiff operated a waterpark and amusement center with its principal place of business on the Property.

12. After Plaintiff's operations closed, Plaintiff sought to remove all structures on the Property.

13. Defendants represented they were willing and able to remove all structures on the Property.

14. Plaintiff and Defendants executed an Agreement for Work to be Performed (hereinafter "the Contract") on May 12, 2023, for a total price of Three Hundred Forty-Five Thousand and No/100 ($345,000.00) Dollars, a copy of which is attached hereto and incorporated herein as "**Complaint Exhibit A**."

15. The Contract required the Defendants (referenced as the "Contractor" therein) to provide all materials, equipment and labor to remove and clear the structures and other fixtures of the water park formally operated upon the Property by Plaintiff ("Client"), with the scope of work including the following:

a. Remove all structures except for the Headrush Slide, food court, go cart building and Wild H2O racer structures;

b. Wild H2O, and Headrush structures to be relocated by Client, Contractor will aid in removal, with a change order, if desired;

c. Remove all concrete pads in the designated areas except for area by food court that is to remain;

d. Remove all walls in pools and lazy rivers;

e. Remove all concrete footings in work area;

f. Crush and screen all concrete to 1.5" minus material and stockpile;

g. Disconnect water and sewer in work areas within property limits;

h. Demolish miniature golf course and grade soil over site as needed, stockpiling any excess;

i. Grade lot with onsite soils;

j. Aid client in removing palm trees to save for redevelopment;

k. Office and bathrooms at miniature golf area to remain;

l. Skid steer sweep roadways as needed to keep access ways clean;

m. Remove all scrap metals from site; and

n. After all work is completed, the site will be graded as flat as possible and all surrounding areas swept with skid steer broom.

16. The Contract provided that all work was to be completed within three (3) months of ground-breaking under normal circumstances, with the ground-breaking occurring in August 2023 with the work to be completed by November or December 2023.

17. Defendants were last on the Property in January 2024 and for only a very limited time in July 2024.

18. As of July 2024, a significant amount of work had not been completed, including the following:

a. Fiberglass trash, tires and debris had not been hauled off the Property;

b. The go cart track wall had not been torn down and removed from the Property;

c. A significant portion of the miniature golf course was not removed from the Property;

d. A significant portion of the pumproom for the lazy river and pools had not been removed from the Property;

e. Large sections of concrete, piers and footings, a pool cave, and 4 ticket booths had not been removed from the Property; and,

f. A significant amount of concrete that was to be crushed at the Property and thereafter available for use was not processed or available.

19. Plaintiff paid Defendant Three Hundred Seventeen Thousand and No/100 ($317,000.00) Dollars pursuant to the payment schedule and prior to completion of specific work tasks as set forth above.

20. Further, Plaintiff was forced to pay Three Thousand Eight Hundred Thirty-Eight and 43/100 ($3,838.43) Dollars to Defendants' subcontractor, J&L Waste Hauling, LLC, not a party to this claim, because Defendants had failed to pay for their work completed at the Property.

21. Due to the Defendants' failure to return to the Property and complete work as defined in the Contract, Plaintiff was compelled to hire third party contractors to complete the unfinished work.

22. Plaintiff was forced to pay Sixty Thousand and No/100 ($60,000.00) Dollars to a third party contractor to remove the balance of the miniature golf course.

23. Additionally, Plaintiff was forced to pay Three Hundred Twenty Six Thousand Fifty Six and 12/100 ($326,056.12) Dollars to J&L Waste Hauling, LLC, for demolition and clean up of the Property, including dumpster rentals and hauling fiberglass, trash, tires, and debris off the Property.

24. The Contract provided that all salvage worth over Fifty Thousand and No/100 ($50,000.00) Dollars would be paid to the Plaintiff and Defendants have not provided an accounting of the funds received from the scrap yards.

25. Upon information and belief, Defendant received at least One Hundred Thousand and No/100 ($100,000.00) Dollars related to the salvage value of metal removed from the Property.

26. As a result of Defendants' wrongful actions as set forth herein, Plaintiff has been forced to initiate this Action.

## BREACH OF CONTRACT
(*For A First Cause Of Action*)

27. Each and every allegation set forth in this Complaint, specifically including but not limited to each and every factual assertion set forth above, is realleged and incorporated into this cause of action as if it was repeated verbatim herein.

28. Plaintiff entered into the Contract with the Defendants to provide all materials, equipment and labor to remove and clear structures and other fixtures of the water park formally operated upon the Property by Plaintiff.

29. The Defendants, by and through their agents, servants, and employees had a duty to perform in accordance with the Contract.

30. Defendants failed and unjustifiably refused to perform in accordance with the terms of the Contract, and such breaches include but are not limited to:

    a.    Failing to haul fiberglass, trash, tires and debris off the Property;

    b.    Failing to tear down and remove the go cart track wall from the Property;

    c.    Failing to remove a significant portion of the miniature golf course from the Property;

    d.    Failing to remove a significant portion of the pumproom for the lazy river and pools from the Property;

    e.    Failing to remove large sections of concrete, piers and footings, a pool cave, and 4 ticket booths from the Property;

    f.    Failing to crush a significant amount of concrete at the Property that was to be processed and available for use;

    g.    Failing to pay Plaintiff for all salvage worth over Fifty Thousand and No/100 ($50,000.00) Dollars;

    h.    Breaching the implied covenant of good faith and fair dealing in every contract entered in the State of South Carolina; and

    i.    Such other breaches or unjustifiable failures as may be found during the discovery of this Action.

31. As a direct and proximate result of the Defendants' breaches of contract with the Plaintiff, the Plaintiff has suffered actual, direct, incidental, consequential, and special damages including, but not limited to, the expenses associated with having to hire additional contractors and the failure to pay Plaintiff for the salvage of materials as set forth above.

32. Plaintiffs paid $703,056.12 for the work that Defendants were to perform under the Contract, even though the total amount to have been paid was supposed to have been $345,000.

33.    Plaintiffs damages under the benefit of the bargain damages calculation would include having to pay an extra $358,056.12 for the work to be performed under the Contract.

34.    Upon information and belief, Plaintiff should have been paid $50,000.00 for the salvage of materials removed from the Property.

35.    Due to Defendants' breach of the Contract, Plaintiffs incurred actual damages adding up to $408,056.12.

36.    The Contract provides that all attorney fees, costs, expert fees and accruing interest that shall be incurred in the resolution of the dispute shall be the responsibility of the party not prevailing in the dispute.

37.    As a direct and proximate result of the Defendants' breach of contract with the Plaintiff, the Plaintiff has incurred attorney fees and costs.

38.    Plaintiff is entitled to and prays for an Order of this Honorable Court which awards them all of the damages caused by Defendants and incurred by Plaintiff.

## BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT
(*For A Second Cause Of Action*)

39.    Each and every allegation set forth in this Complaint, specifically including but not limited to each and every factual assertion set forth above, is realleged and incorporated into this cause of action as if it was repeated verbatim herein.

40.    Defendants entered into the Contract with the Plaintiff as set forth above.

41.    Defendants fraudulently acted, with fraudulent intentions, as to the above-listed breaches of the contract as set forth above, and expressly include, but not by way of limitation, the following:

a.    Failing to complete the work at the Property as described in the Contract;

b.    Failing to return to the Property to complete the work;

c.    Failing to provide an accounting of the funds received from the scrap yards;

d.      Charging fees and costs which were not actually incurred;

e.      Failing to pay subcontractors for work performed at the Property under the Contract,

f.      Forcing Plaintiff to incur attorney fees and costs; and,

g.      Such other unfair, deceptive, and bad acts as will be revealed in the Discovery of this Action.

42.     As set forth above, Defendants' actions in breach of the Contract were accompanied by a fraudulent intent relating to their breaches.

43.     As a result of Defendants' breaches of contract accompanied by a fraudulent act, Plaintiff is also entitled to an award of exemplary and punitive damages as the trier of fact may deem just to punish Defendants for their actions.

44.     Due to Defendants' Fraudulent Acts, Plaintiff is entitled to an award to recover their actual, incidental, consequential damages, as well as such exemplary and punitive damages as the trier of fact may deem just to punish Defendants.  In the alternative, Plaintiff is entitled to receive a refund of all monies paid in connection with the Contract, as well as, any and all attorney fees and court costs.

## NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS
(*For A Third Cause Of Action*)

45.     Each and every allegation set forth in this Complaint, specifically including but not limited to each and every factual assertion set forth above, is realleged and incorporated into this cause of action as if it was repeated verbatim herein.

46.     Defendants had a duty to act with due care in connection with Plaintiff's claims.

47.     Defendants have acted negligently, grossly negligent, or reckless in their responses and inspections:

a.      Misrepresenting they were qualified to perform such demolition and grading work;

b.   Misrepresenting the amount of work completed, and materials supplied in pay applications;

c.   Misrepresenting the amount of salvage and funds received from the scrap yards;

d.   Unjustifiably failing and refusing to properly complete the demolition and grading work at the Property;

e.   Misrepresenting that subcontractors had been paid for work completed at the Property; and,

f.   Such other negligent, deceptive, and bad acts as will be revealed in the Discovery of this Action;

48.   Plaintiff has suffered direct and proximate damages as a result of Defendants' negligence, gross negligence, and recklessness.

49.   Plaintiff prays for an Order of this Court and the trier of fact, commanding Defendants pay punitive damages in an amount sufficient to penalize and discourage Defendants from allowing such grossly negligent and reckless actions in the future.

### THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT
(*For A Fourth Cause Of Action*)

50.   Each and every allegation set forth in this Complaint, specifically including but not limited to each and every factual assertion set forth above, is realleged and incorporated into this cause of action as if it was repeated verbatim herein.

51.   Defendants are Persons involved with Trade and Commerce as defined in S.C. Code § 39-5-10(a) & (b).

52.   Defendants' acts and practices, as set forth hereinabove this Complaint, are unfair, deceptive, and unlawful.

53.   Defendants violated the South Carolina Unfair Trade Practices Act, found at S.C. Code § 39-5-10, et. seq., by and through, but not by way of limitation:

a.   Misrepresenting and failing to disclose Defendants were not qualified to perform such demolition and grading work;

b.     Misrepresenting the amount of work completed;

c.     Misrepresenting they were qualified to perform such demolition and grading work;

d.     Misrepresenting the amount of work completed, and materials supplied in pay applications;

e.     Misrepresenting that subcontractors had been paid for work completed at the Property;

f.     Misrepresenting the amount of salvage and funds received from the scrap yards;

g.     Unjustifiably failing and refusing to properly complete the demolition and grading work at the Property; and,

h.     Such other unfair and deceptive acts as will be revealed in the Discovery of this Action.

54.    Defendants' acts and practices as set forth herein involve bad faith and active concealment, which should be deterred by all penalties as allowed by the South Carolina Unfair Trade Practices Act.

55.    Defendants' acts as set forth herein have caused Plaintiff ascertainable monetary damages, including all actual, incidental, and consequential damages, and all costs and attorney fees.

56.    Plaintiff is entitled to an Order of this Honorable Court granting judgment in their favor in the amount of all actual damages by refunding the purchase price and aggregate amount of costs and all amounts Plaintiff paid for work performed at the Property with prejudgment interest, requiring Defendants' to pay all costs and damages, and reimburse all of Plaintiff's costs and expenses in prosecuting this Action, including all of Plaintiff's attorney fees under the South Carolina Unfair Trade Practices Act.

57.    Due to Defendants' knowing violation of the South Carolina Unfair Trade Practices Act, Plaintiff is entitled to an Order of this Court which triples (3x) their actual damages.

**WHEREFORE,** Plaintiff, having fully complained of the Defendants, hereby prays for the following relief:

a.    That this matter be set for Trial by this Court on all causes of Action;

b.    For the entry of an Order of this Honorable Court finding and entering judgment in favor of Plaintiff and against Defendants on all of their Causes of Action;

c.    For the entry of an Order of this Honorable Court awarding Plaintiff all of the damages they have incurred including all actual, consequential, incidental damages, prejudgment interest, and all costs and fees, including a reasonable attorney fee; and,

d.    That after reasonable discovery and the trial of this matter, that this Honorable Court award such other and further relief as it may deem just and proper.

Respectfully Submitted:

**BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A.**
P. O. Box 357
Myrtle Beach, SC  29578-0357
(843) 448-2400
GRedman@BellamyLaw.com
*Attorneys for Plaintiff*

/s/ George W. Redman, III
S.C. Bar: 72365

Myrtle Beach, South Carolina

April 23, 2026.

STATE OF SOUTH CAROLINA            )

                                                          **VERIFICATION**

COUNTY OF HORRY                       )

        **PERSONALLY** appeared before me, Mark Lazarus, as an <u>Authorized Agent</u> for Plaintiff

in the foregoing action who, being duly sworn says:

(a)     That the Deponent has read the allegations contained in the attached pleadings consisting of Twelve (12) pages, including this statement;

(b)     That the attached pleading was prepared by the Deponent's attorney based upon information the Deponent has personally furnished to said attorney;

(c)     That the allegations contained in the attached pleading are true and correct, and are based upon the personal knowledge of the Deponent, except for those allegations which are based upon the Deponent's information and belief and, as to those, the Deponent verily believes the same to be true;

(d)     That the Deponent has authorized said attorney to file the attached pleading, to present the same to the Court and secure any necessary Orders based thereon, and to secure service upon the adverse party of the attached pleading and necessary process based thereon.

        **WILD WATER & WHEELS, INC.**

        By: Mark Lazarus          4/26/2026 *(date)*

        It's Authorized Agent

STATE OF SOUTH CAROLINA            )

                                                          **ACKNOWLEDGMENT**

COUNTY OF HORRY                       )

    I, Stephanie Duncan, a notary public duly commissioned, qualified and acting within and for said County and State, do hereby certify that **Mark Lazarus** personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

    Witness my hand and official seal this the 20th day of April, 2025. 2026

STEPHANIE DUNCAN
Notary Public, State of South Carolina
My Commission Expires April 15, 2032

    Stephanie Duncan (L.S.)
Notary Public: Stephanie Duncan
My Commission Expires: 4-15-2032